IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN KEITH MURRAY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> THE UNITED STATES DEPARTMENT ) <br> OF DEFENSE, DEFENSE COMMISSARY ) <br> AGENCY, ) <br> ) <br> Defendant. ) | Civil Action No. 2:12-cv-00274 <br><br> Judge Mark R. Hornak |

## MEMORANDUM OPINION

Plaintiff Warren Keith Murray (the "Plaintiff"), appearing *pro se*, brings this employment discrimination case against the Defense Commissary Agency (the "Agency" or "Defendant"), an agency under the umbrella of the United States Department of Defense. Currently pending before the Court is the Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Doc. No. 1). For the following reasons, the Court will deny the motion without prejudice and, pursuant to 28 U.S.C. 1915(e)(2)(B)(ii), dismiss the action without prejudice – and with leave to amend – for failure to state a claim upon which relief may be granted.

I.

Our Court of Appeals has instructed the district courts to conduct a two-step analysis when considering applications for IFP status. See Roman v. Jeffes, 904 F.2d 192, 194, n.1 (3d Cir. 1990). The court is to consider the moving party's financial status and determine, based upon economic criteria alone, whether IFP status should be granted, and then consider whether

1

the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from suit. Id. (establishing that the court assesses complaint for frivolousness under 28 U.S.C. 1915(d)); Prison Litigation Reform Act, Pub. L. No. 104-134, § 804(a), (c)-(e), 110 Stat. 1321, 1321-74 (1996) (replacing 28 U.S.C. § 1915(d) with 28 U.S.C. §1915(e), adding bases of review). It is within the sound discretion of the district courts whether to grant or deny IFP status. See U.S. v. Holiday, 436 F.2d 1079, 1079-80 (3d Cir. 1971). The Plaintiff's motion states that he is not incarcerated. However, the Third Circuit has held that the provisions of 28 U.S.C. § 1915 apply to all IFP complaints, not simply those filed by prisoners. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); Grayson v. Mayview State Hosp., 293 F.3d 103, 114, n.19 (3d Cir. 2002).

Murray's IFP motion also states that he is currently unemployed and takes home $1,021.00 per month. In the past 12 months, the Plaintiff reports to have received no other income. However, the Plaintiff provides the Court with no information (e.g., literally fails to respond to the applicable question) regarding the amount of money he has in a savings or checking account, the value of any property held in his name, the regular monthly expenses he incurs, the names of any persons dependent upon him for support, or any debts or financial obligations he otherwise has. Not only is this information helpful to the Court in assessing the Plaintiff's alleged inability to pay the filing fee to the Clerk of this Court, some of the information is required by statute. See 28 U.S.C. § 1915(a) (requiring a person to "submit an affidavit that includes a statement of all assets such [person] . . . possesses that the person is unable to pay such fees or give security therefor"). Without this information, the Court cannot make an informed determination of the Plaintiff's indigence at this time. Therefore, the Court concludes that the Plaintiff's Motion to Proceed IFP is incomplete. The motion for IFP status is

denied without prejudice, and the Plaintiff may re-file an amended, completely responsive application to proceed IFP.

## II.

When a party wishes to proceed in an IFP capacity, the court "shall dismiss the case at any time if it determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). This rule parrots the standard the Court applies in ruling on a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

In considering a dismissal under Rule 12(b)(6), federal courts require notice pleading, as opposed to the heightened standard of fact pleading. See Phillips v. Cnty. Of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (internal quotations omitted).

Building upon the landmark United States Supreme Court decisions of Twombly and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the United States Court of Appeals for the Third Circuit recently explained that a district court must take three steps to determine the sufficiency of a complaint:

> First, the court must "take[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating

3

> whether all of the elements identified in part one of the inquiry are sufficiently alleged.

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Iqbal, 129 S.Ct. at 1947, 1950) (internal citations omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claim(s) presented and to determine whether the facts pled to substantiate the claims are sufficient to sow a "plausible claim for relief." See Iqbal, 129 S. Ct. at 1950. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

A court may not dismiss a complaint merely because it appears unlikely or improbable that a plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 550 U.S. at 556. Instead, the court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. Generally speaking, a complaint that provides adequate facts to establish "how, when, and where" will survive dismissal. Fowler, 578 F.3d at 212; see also Guirguis v. Movers Specialty Services, Inc., 346 Fed. App'x 774, 776 (3d Cir. 2009). In short, the court should not dismiss a case if a party alleges facts which could, if established at trial, entitle him to relief. Fowler, 578 F.3d at 213. In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, U.S. 519, 520-21 (1972); U.S. v. Day, 969 F.2d 39, 42 (3d Cir. 1997).

4

**III.**

Attached to the IFP petition is a one-page complaint, which states in its entirety:

## COMPLAINT

1. The plaintiff (Mr[.] Murray) is a resident of Verona, Allegheny County, Pennsylvania and a citizen of the United States.

2. The defendant The US Department [o]f Defenses'[] Defense Commissary Agency is an Entity of the United States Government.

## JURISDICTION

3. The court has jurisdiction over this matter pursuant to Title 28 U.S. Code § 1331, [a]nd Violations of The Americans With Disabilities Act of 1990, and The Age Discrimination in Employment Act of 1967.

## FACTS

4. On February 28, 2010, Plaintiff, Mr[.] Warren K[.] Murray, entered into service with the with [sic] Defense Commissary Agency/DeCA at C E Kelly Commissary, in the position o[f]: Store Associate, Perm PT, GS-1101-02 T 04.

5. On October 10, 2011, Plaintiff was wrongfully discharged, under the premise of failing to meet the performance standards of the Defense Commissary Agency, in direct violation of The Americans with Disabilities Act of 1990, and The Age Discrimination in Employment Act of 1967.

6. Wherefore, the Plaintiff demands judgment against the defendants for Reinstatement and upgrading to Full-time employment at his federal

appointment, Restitution of all back-pay, and damages in the amount of $100,000, Institution of Diversity Agent or Representative, and for such other relief this Court deems just.

(Doc. No. 1-1).

After a review of the Complaint (Doc. No. 1-1), the Court concludes that the Plaintiff fails to state a claim upon which relief may be granted. An employee asserting a claim for disability discrimination must show at least (1) that he has a disability, (2) that he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation by the employer, and (3) that he was terminated. See Shiring v. Runyon, 90 F.3d 827, 831 (3d Cir. 1996). The Plaintiff has failed to plead anything to the effect that he has a disability or that, notwithstanding the disability, he is able to perform the essential functions of his job at the Agency. Therefore, because there are no facts alleged to suggest that the discovery process will reveal evidence of the necessary elements, the Complaint fails to state a claim upon which relief may be granted under the Americans with Disabilities Act ("ADA").

Similarly, the Plaintiff has failed to state a claim under the Age Discrimination in Employment Act ("ADEA"). To bring a claim for age discrimination, a plaintiff must show at least that: (1) he was a member of the protected age class; (2) he suffered an adverse employment decision; (3) he was qualified to hold the position; and (4) he was replaced by a significantly younger employee, or that there is some other evidentiary basis creating an inference that his age was the cause of the adverse employment decision. Smith v. City of Allentown, 589 F.3d 684, 689 (3d Cir. 2009). The Complaint again misses the mark. As stated above, the Plaintiff alleges little more than that he was wrongfully terminated by the Agency. However, the Plaintiff does not allege, nor does he advance any factual support, for the

proposition that he is a member of the protected age group, that he was qualified to hold the Store Associate position, or that the Defendant acted based on Plaintiff's age.

After review of the petition for IFP status and the Complaint, the Court concludes that: (1) the pending Motion to Proceed IFP, as filed, is incomplete; and (2) the Complaint fails to state a claim upon which relief may be granted under either the ADA or the ADEA. Under the rule of <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992), and <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002), each holding that where a complaint can be remedied by amendment, this Court must allow leave to amend, the Court hereby dismisses the Complaint without prejudice and with leave to amend. The Motion to Proceed IFP is likewise denied without prejudice.

An appropriate order will issue.

*[signature]* 4/30/12
Mark R. Hornak
United States District Judge

cc: Warren Keith Murray